**UNITED STATES of America,**
**Appellee,**

v.

**Peng Gao WU, Defendant–Appellant.**

No. 04–2372.

United States Court of Appeals,
Second Circuit.

Jan. 27, 2005.

David G. Secular, Assistant Federal Public Defender (Melissa A. Tuohey, Assistant Federal Public Defender, on the brief), for Alexander Bunin, Federal Public Defender for the Northern District of New York, Syracuse, New York, for Appellant.

Richard R. Southwick, Assistant United States Attorney (Elizabeth S. Riker, Deputy Appellate Chief, on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, New York, for Appellee.

PRESENT: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Peng Gao Wu was convicted, after a jury trial, of one count of attempting to smuggle aliens into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and one count of making false statements to a federal immigration agent in violation of 18 U.S.C. § 1001(a)(2). He now challenges his conviction on two grounds: (1) the evidence was insufficient to support a guilty verdict on the smuggling count; and (2) he was denied a fair trial by the district court's refusal to sever his trial from that of his co-defendant at the same time that it redacted his post-arrest statement to eliminate any reference to the co-defendant. We assume the parties' familiarity with the facts and the procedural history of this case, and we reference them here only as needed to explain our ruling.

### 1. *Sufficiency of the Evidence*

■ Wu argues that the government failed to prove that he acted "knowing or in reckless disregard of the fact that an alien ha[d] not received prior official authorization to come to, enter, or reside in the United States," as required by 8 U.S.C. § 1324(a)(2). A defendant seeking to overturn a conviction based upon insufficiency of the evidence bears a heavy burden. He must demonstrate that even when the evidence is viewed in the light most favorable to the government and all permissible inferences drawn in its favor, it would be impossible for " '*any* rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir.2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)). We note that guilty knowledge is frequently incapable of direct proof and can be established only by circumstantial evidence. *See United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir.2004) (and cases cited therein). Wu fails to carry his burden in this appeal.

Wu was arrested while actually transporting a group of Malaysian nationals traveling on counterfeit passports from Canada into New York. His knowledge of

or reckless disregard for his passengers' inability lawfully to enter the United States was evidenced by substantial circumstantial evidence including his initial false statement to United States immigration authorities that he was driving Malaysian tourists from Canada to New York and back when, in fact, his plan from the start was to leave the Malaysians in New York City and to return to Canada alone. *See United States v. Reyes,* 302 F.3d 48, 56 (2d Cir.2002) (holding that jury could draw inference of guilty knowledge from false exculpatory statement even though statement alone could not establish element beyond a reasonable doubt). In this case, the inference of guilty knowledge or reckless disregard to be drawn from Wu's lie was heightened by its deliberateness: Wu had twice before provided one-way transportation from Canada for a group of Asian nationals whom he then left in New York City. Further supporting an inference of the necessary *mens rea* was the fact that Wu's role in the smuggling scheme was not limited to that of a driver. He, and not the person posing as the group's "tour leader," was entrusted with the responsibility—and the cash—to arrange for the Malaysians' bed and board in Kingston, Ontario, before proceeding with them to New York City.

Wu nevertheless submits that other facts adduced at trial indicate that he was an innocent dupe in the smuggling scheme, for example, his absence from a meeting in Canada between the Malaysians and Andrew Stevens, the ringleader of the scheme; testimony from some of the aliens that Stevens discouraged them from speaking with Wu; and Wu's cooperation with immigration officials at the border. We note that Wu presented this same argument to the jury, which found it unconvincing. As already noted, our task on appeal is not to re-weigh competing evidence but only to determine whether the totality of the evidence, when viewed in the light most favorable to the government, could support a rational jury verdict of guilty. *See United States v. Morgan,* 385 F.3d at 204. Because we conclude that the evidence does support the guilty verdict, we reject Wu's sufficiency challenge as without merit.

### 2. *Denial of Wu's Severance Motion*

█ Wu submits that the district court erred in denying his motion under Fed. R.Civ.P. 14(a) to sever his trial from that of co-defendant Jun Yue Sun, who, in tandem with Wu, drove another van full of Malaysian nationals to New York City. A district court's denial of a severance motion is "virtually unreviewable and will be overturned only if a defendant can show prejudice so severe that his conviction constituted a miscarriage of justice and that the denial of his motion constituted an abuse of discretion." *United States v. Yousef,* 327 F.3d 56, 150 (2d Cir.2003) (internal quotation marks omitted). Wu attempts to demonstrate such prejudice by complaining that the joint trial resulted in the redaction of his written post-arrest statement to delete all references to Sun, *see Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Ryan v. Miller,* 303 F.3d 231, 248 (2d Cir.2002), thereby violating the "rule of completeness" by giving the jury the misimpression that Wu played a singular role in the smuggling scheme, *see* Fed.R.Evid. 106, 611(a); *United States v. Castro,* 813 F.2d 571, 576 (2d Cir.1987). "[T]he rule of completeness is violated only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the defendant." *United States v. Yousef,* 327 F.3d at 154 (internal quotation marks omitted). We review a district court's redaction rulings deferentially and will reverse only for

abuse of discretion. *See United States v. Mussaleen,* 35 F.3d 692, 696 (2d Cir.1994); *United States v. Castro,* 813 F.2d at 576. We find no such abuse in this case.

Because the jury knew from other evidence that Sun as well as Wu had driven a van with aliens into the United States, the critical factual issue at trial was each man's knowledge and intent when he crossed the border, not his relative role in the scheme. *Cf. United States v. Vanwort,* 887 F.2d 375, 386 (2d Cir.1989) ("The size of a defendant's role does not determine whether that person may be convicted of conspiracy charges. Rather, what is important is whether the defendant willfully participated in the activities of the conspiracy with knowledge of its illegal ends."). Focusing then on whether the challenged redaction distorted the evidence as to knowledge, we consider that the deleted statements prevented the jury from learning that Wu had claimed his involvement in transporting aliens began when his friend Sun introduced him to Stevens. Preliminarily, we note that these redacted facts are not, in themselves, exculpatory. At most, they might have lent support to

Wu's argument that he was an innocent dupe in the smuggling scheme. The issue before us, however, is not the possible relevancy of hearsay evidence that Wu could not himself have offered, but only the possibly distorting effect of its redaction from the government's submission of Wu's larger statement. *See generally* Fed.R.Evid. 801(d)(2)(A). Because we conclude that the redaction did not distort the meaning of the part of the statement offered by the government, much less omit substantially exculpatory evidence from jury consideration, we conclude that the district court acted within its discretion in approving the redaction, as well as in denying Wu's request for a severance.

Accordingly, the judgment of conviction, imposed by the district court on March 22, 2004, and entered on March 23, 2004, is hereby AFFIRMED.